**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                                 )
JAMES HARPER                     )
                                 )
                Plaintiff,       )
                                 )
        v.                       )Civil Action No. 06-0161(RMC)
                                 )
JOHN E. POTTER,                  )
Postmaster General,              )
U.S. Postal Service              )
                                 )
                Defendant.       )
_____)
```

**ANSWER**

**FIRST DEFENSE**

Plaintiff has failed to state a claim on which relief can be granted.

**SECOND DEFENSE**

Plaintiff has failed to fully and timely exhaust his administrative remedies on all the allegations in this Complaint.

**THIRD DEFENSE**

Plaintiff has failed to mitigate damages.

**FOURTH DEFENSE**

Certain allegations in this Complaint have already been resolved by a settlement agreement.  Therefore, plaintiff is barred from pursuing them in the instant suit.

**FIFTH DEFENSE**

The Court lacks subject matter jurisdiction as Title VII of the Civil Rights Act of 1964 is the exclusive remedy available to federal employees for workplace discrimination.

## SIXTH DEFENSE

In response to the allegations in the numbered paragraphs of the Complaint, Defendant admits, denies or otherwise avers as follows:

1.  This paragraph contains Plaintiff's characterization of his complaint to which no response is required.  To the extent a response is deemed necessary Defendant admits that Plaintiff is a former employee, that he has filed formal and informal charges of discrimination, that anthrax was found at his workplace, and that he was disciplined.  Defendant denies the remaining allegations in this paragraph.

2.  Defendant lacks information and knowledge sufficient to form a belief regarding Plaintiff's present address.  To the extent a response is deemed necessary, Defendant admits that Plaintiff has provided the Court with an address in Accokeek, Maryland.  Defendant admits the remaining allegations in this paragraph.

3.  Admitted.

4.  This paragraph contains Plaintiff's jurisdictional statement to which no response is not required.  To the extent a response is deemed necessary, Defendant denies that the cited statutory provisions are sufficient to confer jurisdiction on the Court with respect to this matter.

5.  This paragraph contains Plaintiff's statement regarding venue to which no response is necessary.  To the extent a response is deemed necessary, Defendant denies that the cited

statue is applicable to this matter.  Defendant admits that he has his headquarters in the District of Columbia and admits that the events giving rise to these claims allegedly occurred in the District of Columbia.  Defendant denies any allegation inconsistent with the foregoing.

6.  Defendant admits that Plaintiff started working for the Postal Service in 1988, that anthrax was discovered at the Brentwood facility in October 2001, and that Plaintiff worked in this facility.  Defendant denies the remaining allegations in the first sentence of this paragraph.  Defendant lacks information or knowledge sufficient to respond to the allegations set forth in the second sentence of this paragraph, and therefore denies the allegation, except that Defendant admits that two employees who worked at Brentwood died from exposure to anthrax.

7.  Defendant lacks knowledge or information sufficient to form a belief as to the effect of the events in October 2001 at Brentwood on Plaintiff, except to deny that mismanagement or racism were the cause.  To the extent a response is deemed necessary, Defendant denies all the allegations in the paragraph.

8.  Defendant presently lacks knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph.  To the extent a response is deemed necessary, Defendant denies the allegations.

9.  Defendant presently lacks knowledge or information sufficient to respond to the allegations set forth in this paragraph.  To the extent a response is deemed necessary,

Defendant denies the allegations.

10.  Defendant admits that the Postal Service and Mr. Harper's supervisors are currently aware of plaintiff's criticism but he presently lacks information or knowledge sufficient to form a belief as to when they became aware of plaintiff's criticisms.

11.  Denied.

12.  Denied.

13.  Defendant admits that a meeting did take place between the named individuals in the late September 2002 time frame, except that Ella Vick was not present at this meeting.  Defendant admits the last sentence in this paragraph.

14.  Admitted.

15.  Denied.

16.  Defendant admits that Mr. Harper was filling out a "1767 Form" on October 1, 2002 and that this form is entitled "Report of Hazard, Unsafe Condition or Practice."  The remaining allegations in this paragraph are denied.

17.  Denied.

18.  Admitted.

19.  Denied.

20.  Admitted.

21.  Admitted.

22.  Regarding the first sentence in this paragraph, Defendant refers the Court to the full text of the document which is the best evidence of its contents and gives a complete and

4

accurate statement of its contents.  Defendant denies the last sentence in this paragraph.

23.  Admitted.

24.  Denied.

25.  Defendant admits that on October 4, 2002 Ms. Hembry gave Mr. Harper a seven day suspension and that Mr. Harper alleged he was anxious.  Defendant denies the remaining allegations in the first sentence.  Defendant admits the allegations in the second sentence of this paragraph.

26.  Defendant admits that Plaintiff complained to the hospital of chest pains, headache and other symptoms, but denies the remaining allegations in this paragraph.

27.  Defendant refers the reader to the full text of the document which is the best evidence of its contents and gives a complete and accurate statement of its contents.  To the extent a response is deemed necessary, Defendant admits the quoted statement appears in the document.

28.  Defendant admits the first sentence in this paragraph. Defendant presently lacks information or knowledge sufficient to respond to Plaintiff's allegations that he was already scheduled to be off work on October 6 and 7.  To the extent a response is deemed necessary, Defendant denies this allegation.

29.  Defendant presently lacks information or knowledge sufficient to form a belief as to the allegations set forth in this paragraph.  To the extent a response is deemed necessary, Defendant denies the allegation.

5

30.   Defendant denies any unlawful retaliatory conduct and lacks information or knowledge sufficient to form a belief as to the remaining allegations concerning plaintiff's mental state contained in this paragraph.  To the extent a response is deemed necessary, Defendant denies the remaining allegations.

31.   Denied.

32.   Defendant incorporates by reference his answers to the allegations in all preceding paragraphs as if restated fully herein.

33.   Defendant presently lacks information or knowledge sufficient to form a belief as to when Plaintiff received a Notice of Final Action.  To the extent a response is deemed necessary, Defendant denies the allegation.

34.   This paragraph contains a conclusion of law to which no response is necessary.  To the extent a response is deemed necessary, Defendant admits that filing a charge with Defendant's EEO office constitutes protected activity.  Defendant denies the remaining allegations set forth in this paragraph.

35.   Denied.

36.   Denied.

37.   Denied.

38.   This paragraph contains Plaintiff's prayer for relief to which no response is necessary.  To the extent that a response is necessary, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.  Defendant further avers that any award of compensatory damages would be subject to

and limited by 42 U.S.C. § 1981a.

    39.  Defendant denies that Plaintiff is entitled to a jury trial under the statutes cited as a basis for the Court's jurisdiction.  Defendant hereby denies any allegation which has not been specifically admitted.

                            Respectfully submitted,

                            ___/s/_____
                            KENNETH L. WAINSTEIN, D.C. BAR # 451058
                            United States Attorney

                            ___/s/_____
                            RUDOLPH CONTRERAS, D.C. BAR # 434122
                            Assistant United States Attorney

                      _____/s/_____
                            DIANE M. SULLIVAN, D. C. BAR # 12765
                            Assistant United States Attorney
                            Judiciary Center Building
                            555 Fourth Street, N.W.
                            Room E4919
                            Washington, D.C. 20530
                            (202) 514-7205