Exhibit 1, Part 1

# EEO INVESTIGATIVE REPORT
## INTO THE DISCRIMINATION COMPLAINT OF

## JAMES A. HARPER
## 1K-201-0004-03

| | |
|---|---|
| **Formal Complaint Filed On:** | December 30, 2002 |
| **Facility:** | Washington DC P & DC |
| **District:** | Capital |
| **EEO Complaints Investigator:** | Vivian E. Hampton |

## NOTICE OF RESTRICTED USAGE

Access to, and usage of, this EEO Complaint File is RESTRICTED
by both the Freedom of Information Act and the Privacy Act to:
(1) the COMPLAINANT (and his or her representative) and
(2) GOVERNMENT OFFICIAL who must have access to the files to
discharge their OFFICIAL DUTIES. The file and its contents must be
safeguarded. Willful violations of these requirements are subject to
criminal penalties (5 U.S.C.522a(i).

UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY CASE
IN THE MATTER OF:

| | |
|---|---|
| James A. Harper,<br>Complainant,<br><br>v.<br><br>John E. Potter,<br>Postmaster General,<br>U. S. Postal Service<br>Capital Metro Operations,<br>Agency. | Date:  October 14, 2003<br><br>Agency Case No. **1K-201-0004-03** |

## TRANSMITTAL OF INVESTIGATIVE FILE TO THE EEOC

The U. S. Postal Service is forwarding the above referenced investigative file since the complainant has requested a hearing.

To ascertain who will represent the Postal Service at the hearing, the Administrative Judge assigned to handle this case is asked to contact:

> **THOMAS J. MARSHALL**
> **MANAGING COUNSEL**
> **CAPITAL METRO LAW OFFICE**
> **U S POSTAL SERVICE**
> **400 VIRGINIA AVENUE SW  SUITE 650**
> **WASHINGTON DC  20024-2730**
> **(202) 314-6800**
> **FAX:  (202) 314-6820**

Upon completion of the hearing, the Administrative Judge should return the investigative file, the hearing exhibits, any correspondence between the parties, one (1) original and (1) copy of the hearing transcript, and the decision, for issuance of the final action by the agency to:

> **MANAGER EEO COMPLIANCE AND APPEALS**
> **UNITED STATES POSTAL SERVICE**
> **CAPITAL METRO OPERATIONS**
> **P O BOX 1730**
> **ASHBURN VA  20146-1730**

-2-

If you have any questions, please contact Donald Jones, Senior EEO Complaints Investigator at (703) 404-6472.


Kathleen M. Eley
Manager, EEO Compliance and Appeals

Attachment:
         Certificate of Service

-3-

*UNITED STATES POSTAL SERVICE*
*EQUAL EMPLOYMENT OPPORTUNITY CASE*
*IN THE MATTER OF*

*James A. Harper, Complainant*
*Agency Case No. 1K-201-0004-03*

*CERTIFICATE OF SERVICE*

I hereby certify that the foregoing Transmittal of Investigative File to the EEOC and the investigative file was sent this date via certified mail to:

SUPERVISORY ADMINISTRATIVE JUDGE
EEO COMMISSION
WASHINGTON FIELD OFFICE
1400 L STREET NW  SUITE 200
WASHINGTON DC 20005-3514

THOMAS J MARSHALL
MANAGING COUNSEL
CAPITAL METRO LAW OFFICE
U S POSTAL SERVICE
400 VIRGINIA AVENUE SW  SUITE 650
WASHINGTON DC  20024-2730

A copy of the EEOC transmittal letter without the investigative file was sent to:

COMPLAINANT:                          COMPLAINANT'S REPRESENTATIVE:
JAMES A HARPER                        HELEN LEWIS
16000 DUSTY LANE                      C/O J A HARPER
ACCOKEEK MD  20607-9516               16000 DUSTY LANE
                                      ACCOKEEK MD  20607-9516

October 14, 2003
Date
                          OFFICE OF EEO COMPLIANCE AND APPEALS
                          UNITED STATES POSTAL SERVICE
                          CAPITAL METRO OPERATIONS
                          P O BOX 1730
                          ASHBURN VA  20146-1730

**REQUEST FOR HEARING FORM**

EEO COMPLIANCE AND APPEALS
U.S. POSTAL SERVICE

OCT 0 9 2003

PROCESSING CENTER
CAPITAL METRO OPERATIONS

DISTRICT DIRECTOR
EEO COMMISSION
WASHINGTON FIELD OFFICE
1400 L STREET NW  SUITE 200
WASHINGTON DC  20005-3514

Dear Sir/Madam:

I am requesting the appointment of an Administrative Judge pursuant to Title 29, Code of Federal Regulations, Part 1614.108(g). I am certifying that either more than 180 days have passed since I filed my formal complaint or I have received a notice from the Postal Service that I have thirty (30) days within which to request a hearing.

My Name:  JAMES A. HARPER

My Installation:  G M F WASH, D.C. (GAITHERSBURG)

Case Number:  1 K-201-0004-03

I certify that I have sent a copy of this request for a hearing to the following person at the Postal Service:

OFFICE OF EEO COMPLIANCE AND APPEALS
UNITED STATES POSTAL SERVICE
CAPITAL METRO OPERATIONS
P O BOX 1730
ASHBURN VA  20146-1730

I understand that if I have not provided the Postal Service with a copy of this hearing request, this request will not be processed and an Administrative Judge will not be appointed or, if an Administrative Judge is appointed, my request will be placed on the inactive docket until such time as I inform the agency of my request for a hearing.

Sincerely,

_____
Signature

7 OCT 2003
Date



7003 1010 0000 1331 3500

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

ASHBURN VA 20146-1730

PO BOX 1730

CAPITAL METRO OPERATIONS

UNITED STATES POSTAL SERVICE

OFFICE OF EEO COMPLIANCE AND APPEALS

RETURN RECEIPT REQUESTED





0000

20146

$4.42
0003901-02

U.S. POSTAGE
PAID
FORT WASHINGTON, M
20744
OCT 07, '03
AMOUNT:

UNITED STATES
POSTAL SERVICE

UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY CASE
IN THE MATTER OF:

| | |
|---|---|
| James A. Harper, Complainant, )<br><br>v. )<br><br>John E. Potter, Postmaster General, U. S. Postal Service Capital Metro Operations, Agency. ) | Date:  September 24, 2003<br><br>Agency Case No. **1K-201-0004-03**<br><br>Filed on December 30, 2002 |

TRANSMITTAL OF INVESTIGATIVE FILE

In accordance with Title 29, Code of Federal Regulations, Part 108(f) and (g), you are being notified that the Postal Service has completed the investigation of your formal complaint of discrimination referenced above.  Enclosed is a copy of the report of that investigation. At this time you have the right to do either of two things:

1.  You may request a hearing before an Administrative Judge appointed by the Equal Employment Opportunity Commission within thirty (30) calendar days of the date on which you received this notice, or

2.  You may request a final agency decision without a hearing.

If you fail to make a choice between the two options, the Postal Service will issue a final agency decision.  Should you choose not to pursue this complaint, you may sign and date the enclosed PS Form 2564-C and return it to me.  For more information on the available options, refer to the reverse side of this notice.

NOTE: If you are represented by an attorney, all time frames are calculated from the date on which your attorney receives the applicable document; e.g. this notice.

-2-

## EXPLANATION OF OPTIONS

To request a hearing before an Administrative Judge appointed by the Equal Employment Opportunity Commission, you must write to the District Office of the Equal Employment Opportunity Commission, at the address shown below, within thirty calendar days of the date on which you received this notice. Enclosed is a form which the Commission has suggested for requesting a hearing. The correct address to which to send your request for a hearing is:

> DISTRICT DIRECTOR
> EEO COMMISSION
> WASHINGTON FIELD OFFICE
> 1400 L STREET NW  SUITE 200
> WASHINGTON DC  20005-3514

You must provide the Office of EEO Compliance and Appeals with a copy of your request for a hearing in accordance with Equal Employment Opportunity Commission regulations and because this is the agency's notification to send the investigative report to the Equal Employment Opportunity Commission. Failure to do this will merely delay further processing of your complaint. Please send the copy to:

> OFFICE OF EEO COMPLIANCE AND APPEALS
> UNITED STATES POSTAL SERVICE
> CAPITAL METRO OPERATIONS
> P O BOX 1730
> ASHBURN VA  20146-1730

Following the hearing, the Administrative Judge will issue a decision, containing findings of fact and conclusions of law, to the Postal Service for consideration and the issuance of its final action.  Title 29, Code of Federal Regulations, Part 1614.109(g)(3) also permit the Administrative Judge to issue a decision without holding a hearing or to make such other rulings as are appropriate. The Postal Service has forty (40) days from the date of its receipt of the decision of the Administrative Judge and the associated hearing record, if applicable, within which to decide whether or not to implement the decision. If the Postal Service decides not to implement the decision, it must file an appeal with the Office of Federal Operations of the Equal Employment Opportunity Commission. You will receive a copy of that appeal and any supporting brief and you may file your own response or brief.

-3-

If you wish to request a final agency decision without a hearing, you should direct your written request to me at the address shown below within thirty (30) calendar days of the date on which you received this notification.  The address to which you should send your request is:

> OFFICE OF EEO COMPLIANCE AND APPEALS
> UNITED STATES POSTAL SERVICE
> CAPITAL METRO OPERATIONS
> P O BOX 1730
> ASHBURN VA  20146-1730

If you are dissatisfied with the Postal Service's final agency decision or final action implementing a decision of an Administrative Judge, you may file a civil action in an appropriate U. S. District Court within ninety (90) calendar days of the date on which you received that decision or final action.  Should you choose to file a civil action, you should name the head of the agency, in this case the Postmaster General, as the defendant. In the alternative, you may file an appeal with the Office of Federal Operations of the Equal Employment Opportunity Commission within thirty (30) calendar days of the date on which you received the decision or final action.

Kathleen M. Eley
Manager, EEO Compliance & Appeals
Capital Metro Operations

Enclosures

cc: Case File

| U.S. Postal Service | Case No. |
|---|---|
| **Withdrawal of Complaint of Discrimination** | **1K-201-0004-03** |

I, _____, do hereby voluntarily withdraw:

☐    my request for EEO counseling or my formal complaint in its entirety.

☐    the following allegation(s) ONLY:

I fully understand that by withdrawing the complaint or allegation(s) I have withdrawn, I am waiving my rights to any further appeal of this allegation(s) through the EEO process.  I further stipulate that my withdrawal did not result from threat, coercion, intimidation, promise or inducement.

**Privacy Act Notice**

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Claimant | Date |
|---|---|

PS Form 2564-C, June 2001

## REQUEST FOR HEARING FORM

DISTRICT DIRECTOR
EEO COMMISSION
WASHINGTON FIELD OFFICE
1400 L STREET NW  SUITE 200
WASHINGTON DC  20005-3514

Dear Sir/Madam:

I am requesting the appointment of an Administrative Judge pursuant to Title 29, Code of Federal Regulations, Part 1614.108(g). I am certifying that either more than 180 days have passed since I filed my formal complaint or I have received a notice from the Postal Service that I have thirty (30) days within which to request a hearing.

My Name:_____

My Installation:_____

Case Number:_____

I certify that I have sent a copy of this request for a hearing to the following person at the Postal Service:

OFFICE OF EEO COMPLIANCE AND APPEALS
UNITED STATES POSTAL SERVICE
CAPITAL METRO OPERATIONS
P O BOX 1730
ASHBURN VA  20146-1730

I understand that if I have not provided the Postal Service with a copy of this hearing request, this request will not be processed and an Administrative Judge will not be appointed or, if an Administrative Judge is appointed, my request will be placed on the inactive docket until such time as I inform the agency of my request for a hearing.

Sincerely,


_____        _____
Signature                                              Date

*UNITED STATES POSTAL SERVICE*
*EQUAL EMPLOYMENT OPPORTUNITY CASE*
*IN THE MATTER OF*

*James A. Harper, Complainant*
*Agency Case No. 1K-201-0004-03*

*CERTIFICATE OF SERVICE*

**For timeliness purposes, it is presumed that the following individuals received this Transmittal of Investigative File and enclosures within five (5) calendar days after it was mailed on the date indicated below.**

**COMPLAINANT:**
JAMES A HARPER
160000 DUSTY LANE
ACCOKEEK MD  20607-9516

**COMPLAINANT'S REPRESENTATIVE:**
HELEN LEWIS
C/O JAMES HARPER
16000 DUSTY LANE
ACCOKEEK MD  20607-9516

**MANAGER, EEO DISPUTE RESOLUTION**
CAPITAL DISTRICT - USPS
9201 EDGEWORTH DRIVE
CAPITOL HEIGHTS MD 20790-7606

September 24, 2003
Date

OFFICE OF EEO COMPLIANCE AND APPEALS
UNITED STATES POSTAL SERVICE
CAPITAL METRO OPERATIONS
P O BOX 1730
ASHBURN VA  20146-1730

 **UNITED STATES**
**POSTAL SERVICE®**

**NOTICE OF RESTRICTED USAGE**

Access to, and usage of, this EEO complaint file is RESTRICTED by both the Freedom of Information Act and the Privacy Act to: (1) the complaint (and his or her representative), and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The file and its contents must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)(1))

# EEO Investigation Report

| Processing Office **EEO Compliance and Appeals Capital Metro Area Operations** | | Case No. **1K-201-0004-03** | Date Filed **December 30, 2002** |
|---|---|---|---|
| Complainant Name **James A. Harper** | | Position Title **Mail Processor** | |
| Address of Complainant **16000 Dusty Lane Accokeek MD 20607-9516** | | Name of Complainant's Supervisor **Lydia Faye Hembry** | |
| | | Telephone No. **(301) 670-6049** | Email Address |
| Telephone No. **(301) 292-8256** | Email Address **N/A** | Preference Eligible (yes or no) **Yes** | Mixed Case (yes or no) **No** |
| Complainant's Postal Facility **Washington DC P & DC (Suburban)** | | Responding Postal Facility **Washington DC P & DC (Suburban)** | |
| Responding Postal Manager's Name **Lydia Faye Hembry** | | Responding Postal Manager's Address **16501 Shady Grove Road Gaithersburg MD 20898-9998** | |
| Telephone No. **(301) 670-6049** | Email Address | | |

## Type of Complaint

| Race | Color | Religion | Sex | National Origin | Age *(Date of Birth)* |
|---|---|---|---|---|---|
| Physical Disability | | | Mental Disability | | |

| Retaliation Based on Previous Activity *(Cited Dates and Case Nos.)* | | | | |
|---|---|---|---|---|
| 1. Date: **10/02/02** | Case No.: **1K-201-0004-03** | | 2. Date: | Case No.: |

Claim(s):

**Complainant alleged discrimination based on retaliation (prior EEO activity), when on October 4, 2002, he was issued a 7-Day Suspension for Failure to Follow Official Instructions.**

| Complainant's Representative Name **Helen Lewis** | Title |
|---|---|
| Address of Representative **c/o James A. Harper 16000 Dusty Lane Accokeek MD 20607-9516** | |

| Investigator's Name *(Print or Type)* **Vivian E. Hampton** | Office Telephone No. **(410) 309-0247** | Email Address **vhampton@email.usps.gov** |
|---|---|---|
| Postal Address of Investigator **6801 Oak Hall Lane Columbia MD 21045-9998** | Postal Address of Area Manager of EEO Compliance and Appeals **Post Office Box 1730 Ashburn VA 20146-1730** | |
| Investigator's Signature | Date Report Completed **September 15, 2003** | Investigator No. **2302** |

PS Form 2430, March 2001

Harper, James
1K-201-0004-03

# TABLE OF CONTENTS

**INVESTIGATIVE REPORT:**

Form 2430, EEO Investigative Report.............................................................Page 1

Table of Contents.........................................................................................Pages 2-3

Analysis......................................................................................................Pages 4-5

**AFFIDAVITS:**

A:  James Harper, Complainant...................................................................Pages 6-13

*Witness Affidavits*

B:  Lydia Faye Hembry .............................................................................Pages 14-24
    A/Supervisor Distribution Operations
    16501 Shady Grove Road
    Gaithersburg MD 20898-9998

C:  Melvin Tucker....... ..............................................................................Pages 25-28
    Manager Distribution Operations Tour 1
    Washington DC P & DC
    16501 Shady Grove Road
    Gaithersburg MD 20898-9998

D:  Darryl Martin.......................................................................................Pages 29-32
    Sr. Manager Distribution Operations Tour 1
    Washington DC P & DC
    16501 Shady Grove Road
    Gaithersburg MD 20898-9998

**EXHIBITS:**

*Exhibit 1:*  PS Form 50, Complainant.......................................................Page 33
             *Source:  Installation record*

*Exhibit 2:*  Printout Complainant's EEO activity.......................................Page 34
             *Source:  Installation record*

*Exhibit 3:*  Complainant's 7-day suspension ..........................................Pages 35-36
             *Source:  Complainant & Installation record 2-pages*

*Exhibit 4:*  Complainant's Grievance resolution 7-day suspension...........Page 37
             *Source:  Complainant & Installation record*

2

*Exhibit 5:*    Complainant's grievance resolution Letter of Warning.............................Page 38
             *Source: Complainant*

*Exhibit 6:*    Complainant's CA-17 and documentation.............................................Pages 39-47
             *Source: Installation record 9-pages*

*Exhibit 7:*    Complainant's US Dept of Labor Notice of Decision................................Pages 48-49
             *Source: Installation record 2-pages*

*Exhibit 8:*    Complainant's clock rings September 28, 2002 – November 1, 2002.........Pages 50-53
             *Source: Installation record 4-pages*


**APPELLATE ACTIVITY**


**MISCELLANEOUS CORRESPONDENCE**....................................................................Pages 54-56


**ISSUES TO BE INVESTIGATED**................................................................................Pages 57-61


**FORMAL COMPLAINT**............................................................................................Pages 62-65


**COUNSELOR'S REPORT**.......................................................................................Pages 66-107

Harper, James
1K-201-0004-03

# ANALYSIS

*ALLEGATION:   James A. Harper hereafter referred to as the Complainant, alleged*

*discrimination based on retaliation (prior EEO activity), when on October 4, 2002, he was*

*issued a 7-Day Suspension for Failure to Follow Official Instructions.*

---

The Complainant filed a formal complaint on December 30, 2002 naming M. Tucker, E. Vick, C. Brown and F. Hembry as the discriminating officials. **(Formal Complaint, Form 2565)** The Complainant in his affidavit dated July 3, 2003, named Lydia Faye Hembry as the discriminating official. **(Affidavit A)**

### *Affidavit Review*

### *Complainant*

The Complainant in his affidavit dated July 3, 2003, alleged that on October 2, 2002, after filing an EEO sexual harassment case against Lydia F. Hembry, he saw Mr. Haney, Manager Capital District and told him of the problems he was having with Ms. Hembry.  On October 4, 2002, Ms. Hembry gave the Complainant a 7 day suspension in retaliation. The Complainant believes that Ms. Hembry became aware of his EEO activity by Mr. Haney.  The Complainant filed a grievance and the 7-day suspension was resolved on November 13, 2002.  The suspension was removed from the Complainant's record immediately. **(Affidavit A)**

### *Note*

The Complainant in his affidavit cited this case number (1K-201-0004-03) as his prior EEO activity.

### *Witness*

**Lydia F. Hembry,** Acting Supervisor Distribution Operations responds in her affidavits dated July 12, 2002, and August 23, 2003, that around September 20, 2002, in a meeting with the Complainant and Melvin Tucker, the Complainant informed them that he had filed an EEO complaint.  The Complainant named Ms. Hembry as a responsible management official and there was a REDRESS hearing. Supervisor Hembry had spoken to the Complainant prior to giving him action about his work performance in the presence of Ray Robinson, shop steward.  The Complainant was on a cell phone talking at his feeder with no mail on the feeder.  All other employees were gainfully employed.  This behavior continued after the discussion with the Complainant.  Ms. Hembry made the decision to issue the Complainant a 7-day suspension, for Failure to Follow Official Instructions.  Ms. Hembry had no discussion with Darryl Martin or Melvin Tucker in regards to the Complainant prior to issuing the discipline.  She had no knowledge of Mr. Haney speaking with the Complainant before or after she issued the discipline.  At the time the 7-day suspension was issued, there was a Letter of Warning for work performance in the

Complainant's file. The Complainant filed a grievance on November 13, 2002, and a resolution was reached that the 7-day suspension would be removed and rescinded from the Complainant's records immediately. There was no reason to issue disciplinary action to the employees cited by the Complainant. Ms. Hembry did have an official discussion with Dwight Elliott about his work performance. **(Affidavit B)**

**Melvin Tucker,** Manager Distribution Operations responds in his affidavit dated September 2, 2003 that he was not aware or did not remember any past EEO activity by the Complainant. He was not aware of any conversation between the Complainant and Mr. Haney. Mr. Haney did not instruct him to speak with Ms. Hembry concerning the Complainant. **(Affidavit C)**

**Darryl Martin,** Senior Manager Distribution Operations responds in his affidavit dated August 21, 2003 that he was not aware that the Complainant had prior EEO activity. He was not involved nor was he aware that the Complainant was issued a 7-day suspension on October 4, 2002. He had no knowledge of the Complainant talking with Mr. Haney. Mr. Haney did not instruct him to speak with Ms. Hembry concerning the Complainant. **(Affidavit D)**

### *Case Evidence*

- On October 4, 2002, the Complainant was issued a 7-day suspension which states in part:

  Charge No. 1: Failure to Follow Official Instructions

  "On October 1, 2002, at approximately 2:20 a.m., you were observed by me standing in the work area and not performing your duties. You were assigned to work on Feeder 3 at that time, and there was mail available to you. I walked over to you and instructed you to load your ledge. At approximately 3:30 a.m., I observed you sitting at the desk filling out a form 1767. I instructed you again to go to your assignment and load the mail. You stated to me that you were filling out a 1767 form. I informed you that you would have to fill that form out on your break or lunch time. Again, I emphasized to you the need for you to go to work. I asked you whether or not there was an immediate hazard or safety concern in the area in which you were assigned (Feeder 3) and you replied "No." You advised me that you would go to your assignment but you would note on the 1767 that I had not allowed you time to fill it out. Your continued disregard of official instructions to be gainfully employed is unacceptable and will not be tolerated." **Exhibits 3**

- On November 13, 2002, a grievance resolution was reached on this matter which states:

  The Notice of 7-day suspension dated October 4, 2002, will be removed and rescinded from the records immediately from the date of November 13, 2002. **Exhibit 4**

- The Complainant's clock rings for the month of October 2002 (PPYR 22/02 & 23/02) indicates he used 16 hours sick leave in PPYR 22/02 (October 15 & 16, 2002). **Exhibit 8**

Vivian E. Hampton
EEO Complaints Investigator
Capital Metro Area Operations

**U.S. POSTAL SERVICE**
**EQUAL EMPLOYMENT OPPORTUNITY**
**INVESTIGATIVE AFFIDAVIT (COMPLAINANT)**

## AFFIDAVIT A

**Case Number:**                           1K-201-0004-03

**Name/Address of Complainant:**      James A. Harper
                                       16000 Dusty Lane
                                       Accokeek MD 20607-9516

**Position Title:**                        Mail Processor

**Grade:**                                 PS 5

**Place of Employment:**              Washington DC P & DC

| U.S. Postal Service | | Page No. | No. Pages | Case No. |
|---|---|---|---|---|
| **EEO Investigative Affidavit** *(Complainant)* | | 1 | 6 | 1K-201-0004-03 |

| 1. Affiant's Name *(First, Middle, Last)* | 2. Employing Postal Facility |
|---|---|
| James A. Harper | Suburban MD P & DC |

| 3 Position Title | 4 Grade Level | 5 Postal Address and ZIP + 4 | 6. Unit Assigned |
|---|---|---|---|
| Mail Processor | PS 5 | 16501 Shady Grove RD<br>Gaithersburg MD 20898-9998 | |

### Privacy Act Notice / USPS Standards of Conduct

**Privacy Act Notice.** The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.633a; The Rehabilitation Act of 1973, as amended, 29 U.S.C. 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

### Important Information Regarding Your Complaint

This PS Form 2568-A, *EEO Investigative Affidavit (Complainant)*, and the other form mentioned below, are being provided for you to use to fully respond to the accompanying questions. Mail or deliver your completed statement to the EEO complaints investigator within 15 calendar days of the date you received the forms. Use PS Form(s) 2569, *EEO Investigative Affidavit (Continuation Sheet)*, as needed, to complete your written statement. Remember to number the top of each page and sign and date the bottom of each page of your statement. If you return your statement by mail, the return envelope must be postmarked on or before the 15th calendar day after the date that you received the affidavit forms. Failure to complete your statement and return the forms within the allotted time period could result in your complaint being dismissed based upon your failure to proceed. EEOC complaints processing, 29 C.F.R. 1614.107(a)(7), states, in part, [A complaint may be dismissed] "Where the agency has provided the complainant with the written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within 15 days of its receipt, or the complainant's response does not address the agency's request, provided that the request included a notice of the proposed dismissal."

7. Statement *(Use Form 2569 if additional space is required)*

YOU HAVE THE RIGHT TO REPRESENTATION DURING THE COMPLETION OF THIS AFFIDAVIT.

Q1. Describe *in detail* the incident/event when on October 4, 2002, you were issued a 7-Day Suspension for Failure to Follow Official Instructions that led you to file a complaint of discrimination. *(Include in your response a detailed explanation of what occurred that you considered was discrimination towards you.).*

A1. ON OCT 2, 2002 I JAMES A. HARPER WENT TO THE EEO OFFICE STATION AT SOUTHERN MARYLAND POST OFFICE. I FILE AN EEO AGAINST MS LYDIA F. HEMBRY FOR SEXUAL HARRASSENT. UPON EXITING THE EEO, I SAW MR HANEY (MANAGER OF CAPITAL OPERATIONS). HE ASKED HOW I WAS DOING. I TOLD HIM OF THE PROBLEMS I WAS HAVING WITH MS HEMBRY AT SUBURBAN MD. HE TOLD ME THAT HE WOULD TALK TO DRAYL MARTIN AND MELVIN TUCKER ABOUT MS HEMBRY. I BELEIVE THAT MR HANEY DID TALK TO MR. MARTIN AND/OR MR TUCKER AND THEY TALKED TO MS HEMBRY. ON THE 4 OCT, 2002 MS HEMBRY GAVE ME A 7 DAY SUSPENSION AS RETALIATION FROM MY FILING THE EEO AND TALKING TO MR. HANEY

Please provide a copy of any documentation in your possession you believe is important to the investigation of this discrimination complaint.

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Affiant's Signature<br><br>*James A. Harper* | Date Signed<br><br>3 JULY 2003 |

PS Form 2568-A, March 2001

AFFIDAVIT NO. **A**

6

2 OF 6

Q2.  When were you allegedly discriminated against when on October 4, 2002, you were issued a 7-Day Suspension for Failure to Follow Official Instructions? *(Please be specific with the date(s) of occurrence).*

A2.  IF WAS MY BELIEF THAT I WAS DISCRIMINATED AGAINST ON OCT 4, 2002. TO MY BELIEF NO ONE HAS BEEN ISSUE A 7DAY SUSPENSION AFTER A LETTER OF WARNING HAS BEEN RESCINDED. THE SUSPENSION LETTER SHOWS THAT I FOLLOW INSTRUCTIONS. NO EMPLOYEE HAS BEEN GIVEN A SUSPENSION FOR FOLLOWING INSTRUCTIONS.

Q3.  Who allegedly discriminated against you when on October 4, 2002, you were issued a 7-Day Suspension for Failure to Follow Official Instructions? *(If more than one management official is identified, please state the official's involvement in the incident/action that led you to believe the official discriminated against you).*

A3.  MRS. LYDIA FAYE HEMBRY (ACTING SUPERVISOR, AUTOMATION)

Q4.  Where were you allegedly discriminated against when on October 4, 2002, you were issued a 7-Day Suspension for Failure to Follow Official Instructions? *(State the office where the alleged act of discrimination took place).*

A4.  SUBURBAN MARYLAND P&DC. 16501 SHADY GROVE RD. GAITHERSBURG MD 20898-9998 AUTOMATION SECTION (FLAT SORTER MACHINE #5) MDO OFFICE

Q5.  Are there any witnesses you desire to be interviewed concerning the acts of alleged discrimination as described in your response to question 1? If so, identify the name of the witness, their office of employment, and state what information the named witness can provide that will be beneficial to the investigation of this complaint? THE FOLLOWING EMPLOYEE WORK AT SUBURBAN MD P&DC

A5.  GAITHERSBURG MD. AUTOMATION TOUR 1
MR JEFFERY PARRIN
MR CALVIN DAVIS
MS. RENE NICHOLS
MS. K. ROBERTS
MS. L. BANKS
MS. N. WHEELER ~~YOUNG~~ JENKINS
MS. PATRICIA YOUNG
MS. EL-AMIN
MS. KIM CUSAR

MRS. CHRISTINE BRYANT
(ACTING SUPERVISOR AUTOMATION)
NOW STATION AT CALVERT
POST OFFICE

Please provide a copy of any documentation in your possession you believe is important to the investigation of this discrimination complaint.

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Affiant's Signature  *James A. Taylor* | Date Signed  3 JULY 2003 |

PS Form 2568-A, March 2001

AFFIDAVIT NO. A

7

3 OF 6

Q6.  Specifically state the dates and agency case numbers of your previous EEO activity.
A6.  OCT. 2, 2002    CASE # IK 201 000 4-03

Q7.  Identify the names (first name, middle initial, last name) of the individuals involved in your previous EEO activity?
A7.  MELVIN C. TUCKER  ACTING MDO, WDC PO P+DC
     ELLA VICK          ACTING MANAGER WDC PO P+DC
     CONNIE BROWN       ACTING MANAGER WDC PO  P+DC
     LYDIA F. HOMBRY    ACTING SUPERVISOR WDC PO P+DC
     ALL OF THE ABOVE MANAGERS + SUPERVISOR ARE AT THE SUBURBAN
     P+DC GAITHERSBURG MD. OFFICE.

Q8.  Explain in detail why you believe your prior EEO involvement was the cause or a factor when on October 4, 2002, you were issued a 7-Day Suspension for Failure to Follow Official Instructions?
A8.  I BELIEVE MY PRIOR EEO INVOLVEMENT WAS THE CAUSE OR A FACTOR ON
     OCTOBER 4 2002 BECAUSE I TALKED TO MR. HANEY (MANAGER CAPITAL
     OPERATIONS). MANAGEMENT KNEW THAT I HAD FILED ON 2 OCT 2002
     THIS, I BELIEVE IS PART OF THE REASON THAT I WAS RETALIATED
     AGAINST.

Q9.  Explain in detail why you believe that the management official identified in question #3 was aware of your previous involvement in the protected EEO activity?
A9.  MS HOMBRY WAS AWARE OF MY PREVIOUS INVOLVEMENT IN THE PROTECTED
     EEO ACTIVITY BY MR. HANEY. HE WAS OUTSIDE WHEN I CAME OUT OF
     THE OFFICE. MR. HANEY ASKED ME WHAT WAS I DOING UP AT SOUTHERN
     MARYLAND.

Q10.  Explain how and when the management official identified in question #3 became aware of your previous EEO involvement?
A10.  WHEN MR HANEY WAS OUTSIDE THE DOOR WAY LEADING INTO THE
      BUILDING. HE ASKED ME HOW I WAS DOING AND WHY WAS I
      UP AT SOUTHERN MD. MANAGEMENT OFFICES ARE IN THE SAME
      AREA AS THE EEO OFFICE. THE ONLY WAY OUT IS PASS
      THE DOORS THAT MANAGEMENT PASSES THRU.

*Please provide a copy of any documentation in your possession you believe is important to the investigation of this discrimination complaint.*

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Affiant's Signature | Date Signed |
| *James A. Taylor* | 3 JULY 2003 |

PS Form 2568-A, March 2001

AFFIDAVIT NO. A

8

4 OF 6

Q11. Are you aware of employees that were treated differently than you under similar circumstances as that described in your response to question 1? If so, please state their name(s), how they were treated differently, when (dates) they were treated differently, and who the employee(s) supervisor was (if known) at the time of the described incident.

A11.    MS. KIM CUSAR              MS. C. BONE
        MS. EL AMIN               MS. T MEDES
        MS PATRICIA YOUNG
        MS RENE NICHOLS           NONE OF THE ABOVE EMPLOYEES HAD
        MS. K. ROBERTS            EVER RECIEVED A 7 DAY SUSPENSION
        MS L. BANKS               FOR FOLLOWING AN OFFICIAL INSTRUCTION
        MS N. WHEELER-JENKINS

Q12. Did you file a grievance when on October 4, 2002, you were issued a 7-Day Suspension for Failure to Follow Official Instructions?

A12.    YES

Q13. If yes, specifically explain the status of the grievance and provide a copy of any documents in support of the grievance.

A13.    THE GRIEVANCE ENDED IN A RESOLUTION. A COPY OF
        THE RESOLUTION IS PROVIDED

Q14. What are you requesting as a resolution to this EEO complaint?

A14.    SEE ATTACHMENT

*Please provide a copy of any documentation in your possession you believe is important to the investigation of this discrimination complaint.*

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Affiant's Signature | Date Signed |
| *James A. Glover* | 3 July 2003 |

PS Form 2568-A, March 2001

AFFIDAVIT NO. A

9

| | Page No. | No. Pages | Case No. |
|---|---|---|---|
| **UNITED STATES POSTAL SERVICE** **EEO Investigative Affidavit** *(Continuation Sheet)* | 5 | 6 | 1K-201-0004-03 |

(A 14)

    I REQUEST THE FOLLOWING TO RESOLVE THIS EEO COMPLAINT.

    ① THAT I STAY ON MY CURRENT ASSIGNMENT ON FLAT SORTERS.

    ② THAT THE MANAGEMENT MENTION BE REMOVED FROM MY ADMINISTRATIVE CHAIN OF COMMAND: MR. MELVIN TUCKER, MS ELLA VICK, MR CONNIE BROWN, MS LYDIA F. HEMBRY. ALSO I REQUEST THAT ALL ABOVE BE REMOVE FROM MY DAILY SUPERVISION.

    ③ I REQUEST THAT ALL LEAVE USED DOING MY HARRASS-MENT AND RETAILATION FROM MS. HEMBRY AND MANAGEMENT BE RETURNED TO ME. APROX. 80 HRS SICK LEAVE.

    ④ THAT ALL ACTION IN MY PERSONNEL FILE BE REMOVED FROM MY RECORDS. ACTIONS IN MY FILES CAME FROM THIS MANAGEMENT AND SHOULD BE REMOVED.

    ⑤ THAT NO FURTHER RETALIATION BE PLACED AGAINST ME. ALSO THAT I WILL BE COMPENSTATED IF ANY ACTION IS PUT AGAINST ME.

    ⑥ I ALSO REQUEST THAT ALL MEDICAL BILLS BE PAID by THE US POSTAL SERVICE.

    ⑦ THAT I MAY BE ABLE TO ADD ANY ADDITIONAL INFORMATION AT THE TIME OF THE EEO INTERVIEW.

**I declare under penalty of perjury that the foregoing is true and correct.**

| Affiant's Signature | Date Signed |
|---|---|
| *James A. Glauder* | 3 JULY 2003 |

PS Form 2569, March 2001

AFFIDAVIT NO. A

10

| | Page No. | No. Pages | Case No. |
|---|---|---|---|
| UNITED STATES POSTAL SERVICE **EEO Investigative Affidavit** (Continuation Sheet) | 6 | 6 | 1K-201-0004-03 |

I WOULD LIKE TO MAKE PART OF MY INVESTIGATION THE FOLLOWING STATEMENT.

ON OCT. 1, 2002 I JAMES HARPER REQUESTED TO SEE A SHOP STEWARD. I WAS BEING HARRASS BY MS LYDIA HEMBRY. I WAS ALLOWED TO GO TO THE UNION OFFICE ABOUT 12:30 AM. AT OR ABOUT 01:10 AM MS HEMBRY CAME TO THE UNION OFFICE AND TOLD ME THAT I HAD TO LEAVE THE UNION OFFICE. SHE STATED THAT I COULD ONLY STAY IN THE UNION OFFICE FOR 30 MINUTES. SHE ALSO SAID THAT MR. TUCKER SAID THAT WE COULD ONLY GO TO THE UNION OFFICE FOR 30 MINUTES MS HEMBRY INSTRUCTED ME TO TAKE A 15 MINUTE BREAK AND TO REPORT TO THE FSM#5 AFTERWARD. I CAME TO THE FSM #5 AT OR ABOUT 0145 AM. THERE WAS NO EMPLOYEES OR SUPERVISORS AROUND AT THE TIME. MR. JEFF PERIN WAS WORKING ON THE DBCS #12. HE WITNESS THE FACT THAT I ARRIVE ON THE FSM#5 AT OR ABOUT 0145 AM. AT 0200 AM MS CHRISTINE BRYANT (ACTING SUPERVISOR AUTOMATION) CAME BY THE FSM#5. I INFORM HER THAT I WAS INSTRUCTED TO COME TO THE MACHINE #5. MS HEMBRY DID NOT RETURN TO THE MACHINE UNTIL ABOUT 0330 AM.
MR. RAY ROBINSON, CLERK CRAFT DIRECTOR, APWU WITNESS THE HARRASSMENT MS HEMBRY PLACED TOWARDS ME IN THE UNION OFFICE. MR PERRIN WITNESS THE ARRIVAL TIME THAT I CAME TO FSM#5. MS BRYANT WITNESS THE FACT THAT I WAS ON FSM#5 AT OR ABOUT 0200 AM ALONE. THIS IS THE SAME DAY THAT THE 7 DAY SUSPENSION IS IN QUESTION

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---|---|
| James A. Harper | 3 JULY 2003 |

PS Form 2569, March 2001

AFFIDAVIT NO. A

11

| U.S. Postal Service | Case No. |
|---|---|
| **Certification** | 1K-201-0004-03 |

I have read the foregoing attached statement, consisting of ____ *6* pages, and it is true and complete to the best of my knowledge and belief.· In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

"Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, ficticious or fraudulent statements or representation, or makes or uses any false writing or document knowing the same to contain any false, ficticious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

**Privacy Act Notice**

**Privacy Act Notice.** The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.633a; The Rehabilitation Act of 1973, as amended, 29 U.S.C. 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

**USPS Standards of Conduct**

Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action (ELM 666).

**Oath / Affirmation**

Subscribed and (sworn) (affirmed) before me on this _____ day of _____ **2003.**

*(Affiant, sign in the presence of an EEO Complaints Investigator.)*

| Signature of EEO Complaints Investigator | Signature of Affiant |
|---|---|
|  |  |

**Declaration**

I declare, under penalty of perjury, that the foregoing is true and correct.

*(Affiant, sign and date if attached statement was not completed in the presence of an EEO Complaints Investigator.)*

| Signature of Affiant | Date Signed |
|---|---|
|  | 3 July 2003 |

PS Form 2571, March 2001                    AFFIDAVIT NO. ____ A

12





U.S. POSTAGE
PAID
WASHINGTON.DC
20013
JUL 05 '03
AMOUNT

**$5.57**
00052453-96

0000          21045

1st NOTICE _____
2nd NOTICE _____
RETURN _____

VIVIAN E. HAMPTON

EO COMPLAINTS INVESTIGATOR

COLUMBIA POST OFFICE

8101 OAK HALL LANE

COLUMBIA MD 21045

AFFIDAVIT NO. A

13

## U. S. POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY
## INVESTIGATIVE AFFIDAVIT (WITNESS)

## <u>AFFIDAVIT B</u>

**Case Number:**                      1K-201-0004-03

**Name/Address of Witness:**          Lydia Faye Hembry
                                       16501 Shady Grove Road
                                       Gaithersburg MD 20898-9998

**Position Title:**                    Acting Supervisor
                                       Distribution Operations

**Grade:**                             EAS

**Place of Employment:**               Washington DC P & DC

| U.S. Postal Service | | | Page No. | No. Pages | Case No. |
|---|---|---|---|---|---|
| **EEO Investigative Affidavit** *(Witness)* | | | 1 | | 1K-201-0004-03 |

| 1. Affiant's Name *(First, Middle, Last)* | 2. Employing Postal Facility |
|---|---|
| **Lydia F. Hembry** | **Suburban MD P & DC** |

| 3. Position Title | 4. Grade Level | 5. Postal Address and ZIP + 4 | 6. Unit Assigned |
|---|---|---|---|
| **A/Supervisor Distribution Operations** | **EAS** | **16501 Shady Grove RD Gaithersburg MD 20898-9998** | |

### Privacy Act Notice

Privacy Act Notice, The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.633a; The Rehabilitation Act of 1973, as amended, 29 U.S.C. 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

### USPS Standards of Conduct

Postal Service regulations require all postal employees to cooperate in any postal investigation.
Failure to supply the requested information could result in disciplinary action. (ELM 666)

7.  Statement *(Use Form 2569 if additional space is required)*

**YOU HAVE THE RIGHT TO REPRESENTATION DURING THE COMPLETION OF THIS AFFIDAVIT.**

Q1.  On October 4, 2002, when you made the decision to issue the Complainant James Harper a 7-day suspension for Failure to Follow Official Instructions, were you aware that he had prior EEO activity? If yes, please explain how you became aware of his prior EEO activity, and state when you became aware of it.

A1.

NO. I was not aware that Mr. Harper had prior EEO activity.

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Affiant's Signature | Date Signed |
| *Lydia J. Hembry* | *July 12, 2003* |
| PS Form 2568-B, March 2001 | |

AFFIDAVIT NO. B

14

Q2.  To your knowledge, were you named as a responsible management official (RMO) in any of the Complainant's prior EEO complaints?

A2.  *yes*

Q3.  If you were not named as an RMO, did you have any other involvement in the Complainant's prior EEO complaints? If yes, explain your involvement.

A3.  *Mr. Harper named me as a RMO in another EEO complaint.*

Q4.  Was the Complainant's prior EEO activity a factor in your decision to issue him a 7-day suspension for Failure to Follow Official Instructions?

A4.  *No.*

Q5.  On October 4, 2002, were you the Complainant's immediate supervisor? If no, identify that person and explain your relationship to the Complainant.

A5.  *yes.*

| I declare under penalty of perjury that the foregoing is true and correct. | |
| --- | --- |
| Affiant's Signature<br>*Lydia J Hembry* | Date Signed<br>*July 12, 2003* |

PS Form 2568-B, March 2001

AFFIDAVIT NO. *B*

Q6.  On October 4, 2002, did you issue the Complainant, a 7-day suspension for Failure to Follow Official Instructions?

A6.  *yes*

Q7.  Did you make the decision to issue the Complainant a 7-day suspension for Failure to Follow Official Instructions?  If not, who made the decision?

A7.  *yes*

Q8.  Explain in detail, why you issued the Complainant a 7-day suspension for Failure to Follow Official Instructions?

A8.  I had spoken to Mr. Harper prior too giving him action about his work performance. I brought him in the office and in the presence of shop Steward Ray Robinson told him that he was not performing to standard. Mr. Harper was on a cell phone talking at his feeder with no mail on the feeder. all other employees were gainfully employed except for him. This behavior continued after my discussion with him

Q9.  What documentation or evidence exists to support your decision to issue the Complainant a 7-day suspension for Failure to Follow Official Instructions? *(Please provide the investigator with a copy of any cited documentation or evidence).*

A9.  a L.O.W was in his file for work performance. But after he filed a grievance on the 7-day, it was noted the the L.OW was rescinded. A copy of that rescision was not in his file at the time of my issue of the 7-day suspension

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---|---|
| *Lydia Henry* | *July 12, 2003* |

PS Form 2568-B, March 2001

AFFIDAVIT NO. *B*

16

Q10. Did the Complainant have a record of past discipline on file?   If so, what type of discipline and when was it issued?

A10.

*Yes.*

Q11. What regulations or contract provisions did you rely upon or follow in proposing the disciplinary action?

A11.

*The last discipline issued to him in his record*

Q12. Have you issued discipline to any other employees for the same or similar infraction or reason as the Complainant's?  If yes, state to who, when and type of discipline issued, and provide if they had EEO activity, if known.

A12. *Yes. Dwight Elliott. I brought Mr. Elliott into the Manager's office and had an official discussion with him about his work performance mainly not keeping the feeder loaded with mail and constantly talking 8/02.*

Q13. Have you had any other employees that committed the same infraction as the Complainant who you did not issue discipline to?  If yes, please provide the employee's name(s), if they had known EEO activity and explain why the discipline was not issued in this instance(s).

A13.

*NO*

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Affiant's Signature | Date Signed |
| *Lydia Hembry* | 7-12-03 |

PS Form 2568-B, March 2001

AFFIDAVIT NO. *B*

Q14.  The Complainant testified that the cited employees did not receive a 7-day suspension.  Were you the cited employees supervisor?  *(Please explain either refuting or concurring with the Complainant.)*

Kim Cusar, El Amin, Pratricia Young, Rene Nichols, K. Roberts, L. Banks, N. Wheeler-Jenkins, C. Bone (or Bowe), T. Medes.

A14.  Yes. There was no need to issue any of these employees disciplinary action because there was not an issue regarding their work performan

Q15.  The Complainant provided a copy of a CA-1 filed on October 17, 2002, in reference to an incident on October 4, 2002.  Explain the status of that claim and provide any/all documentation relevant to this incident.

A15.  The safety office and Labor would have knowledge of the status of this claim.

Q16.  Was a grievance filed when on October 4, 2002, the Complainant was issued a 7-day suspension for Failure to Follow Official Instructions?  ? If yes, explain what is the status of the grievance and provide a copy of all documents in support of the grievance.

A16.  The grievance was rescinded due to the previous action taken by Mr. Harper.

Q17.  Do you have any additional relevant information concerning James Harper's claim of discrimination based retaliation (prior EEO activity), when on October 4, 2002, he was issued a 7-Day Suspension for Failure to Follow Official Instructions?

A17.  Mr. Harper has an issue with my supervision because I am an acting-204B Supervisor, my approach to the job is direct and my expectation of the employees who work under my supervision is straight forward. I expect all employees to come to work fully prepared to do just that. Mr. Harper, in my opinion wants special treatment because he is a spokesperson for Brentwood Exposed.

| I declare under penalty of perjury that the foregoing is true and correct. |
| --- |

Affiant's Signature: *Sydia Hembry*

Date Signed: 7/12/03

PS Form 2568-B, March 2001

AFFIDAVIT NO. **B**

B

| U.S. Postal Service | Case No. |
| --- | --- |
| **Certification** | 1K-201-0004-03 |

I have read the foregoing attached statement, consisting of __8__ pages, and it is true and complete to the best of my knowledge and belief. In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

"Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, ficticious or fraudulent statements or representation, or makes or uses any false writing or document knowing the same to contain any false, ficticious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

### Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.633a; The Rehabilitation Act of 1973, as amended, 29 U.S.C. 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

### USPS Standards of Conduct

Postal Service regulations require all postal employees to cooperate in any postal investigation.
Failure to supply the requested information could result in disciplinary action (ELM 666).

### Oath / Affirmation

Subscribed and (sworn) (affirmed) before me on this __19__ day of __July__, 2003.

_(Affiant, sign in the presence of an EEO Complainants Investigator.)_

| Signature of EEO Complaints Investigator | Signature of Affiant |
| --- | --- |
| | |

### Declaration

I declare, under penalty of perjury, that the foregoing is true and correct.

_(Affiant, sign and date if attached statement was not completed in the presence of an EEO Complaints Investigator.)_

| Signature of Affiant | Date Signed |
| --- | --- |
| _Lydia Hembry_ | _July 19, 2003_ |

PS Form 2571, March 2001

AFFIDAVIT NO. __B__

19

| | Page No. | No. Pages | Case No. |
|---|---|---|---|
| **UNITED STATES POSTAL SERVICE**<br>**EEO Investigative Affidavit** *(Continuation Sheet)* | P 17 | P 17 | 1K-201-0004-03 |

I had observed Mr. Harper at his feeder talking on a cell phone and not loading his feeder. All employees have been made aware of the NO CELL PHONE ON THE WORKROOM FLOOR Policy. I approached Mr Harper and directly told him to get off of the phone and load his feeder. I had also made Mr Harper aware of his inability to keep his feed fully loaded. He explained to me that he had bad mail. But in response to this answer, the two other employees on either side of him had the exact type mail and yet managed to keep their feed loaded. Mr. Harper has a past history of poor work performance and as a result of his work performance on the DBCS, he was given disciplinary action by Supv. C. Brown and sent to AFSM #5 to work.

**I declare under penalty of perjury that the foregoing is true and correct.**

| Affiant's Signature | Date Signed |
|---|---|
| *Lydia Hensley* | 7/12/03 |

PS Form 2569, March 2001

AFFIDAVIT NO. ___B___

20

U.S. Postal Service

# EEO Investigative Affidavit *(Witness)*

| | Page No. | No. Pages | Case No. |
|---|---|---|---|
| | 1 | | 1K-201-0004-03 |

| 1. Affiant's Name *(First, Middle, Last)* | 2. Employing Postal Facility |
|---|---|
| Lydia F. Hembry | Suburban MD P & DC |

| 3. Position Title | 4. Grade Level | 5. Postal Address and ZIP + 4 | 6. Unit Assigned |
|---|---|---|---|
| A/Supervisor Distribution Operations | EAS | 16501 Shady Grove RD Gaithersburg MD 20898-9998 | |

## Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.633a; The Rehabilitation Act of 1973, as amended, 29 U.S.C. 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## USPS Standards of Conduct

Postal Service regulations require all postal employees to cooperate in any postal investigation.
Failure to supply the requested information could result in disciplinary action. (ELM 666)

7. Statement *(Use Form 2569 if additional space is required)*

**YOU HAVE THE RIGHT TO REPRESENTATION DURING THE COMPLETION OF THIS AFFIDAVIT.**

Q18. Explain in detail when you became aware of the Complainant's prior EEO activity? *Please be specific and provide a date.*

A18. 9-20-02 (not completely sure of date but there around. Mr. Harper requested a meeting with Mgr. Tucker and myself to try to resolve the issues that were of concern to Mr. Harper. During that meeting Mr. Harper informed Manager Tucker he had filed a EEO complaint. Manager Tucker at that point ended the meeting and informed Mr. Harper that his issues would be dealt with in the complaint.

Q19. You testified that the Complainant named you as an RMO in another EEO; explain in detail your involvement in the Complainant's prior EEO activity. *Please be specific and give EEO case number and date if known.*

A19. Mr. Harper named me and Mgr. Tucker in the first EEO case. We had a re-dress hearing. In that complaint, Mr. Harper accused me of gender discrimination as his supervisor. I had to answer questions and so did Mr. Tucker. We came to a resolution in that case. I do not have the EEO case number.

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Affiant's Signature *Lydia J Hembry* | Date Signed 8/23/03 |

PS Form 2568-B, March 2001

AFFIDAVIT NO. B

21

Q20. The Complainant testified that on October 2, 2002, as he was exiting the EEO Office at the Southern MD Facility he saw and spoke with Mr. Haney about problems he was having with acting supervisor Hembry. The Complainant states that Mr. Haney said he would have Darryl Martin and Melvin Tucker talk with you. The Complainant believes that they did talk to you and on October 4, 2002, you issued him a 7-day suspension as retaliation for filing an EEO and talking to Mr. Haney. *Please explain either refuting or concurring with the Complainant.*

A20. Manager Tucker nor Daryl Martin spoke with me in regard to Mr. Harper. The only time I spoke with Mr. Harper was during the meeting with Mr. Harper, Mgr. Tucker and my self around the week of the 25th of Sept.

Q21. Did Mr. Haney speak with concerning the Complainant prior to you issuing him a 7-day suspension for Failure to Follow Official Instructions? If yes, when did Mr. Haney speak with you?

A21. I have no knowledge of Mr. Haney speaking with Mr. Harper before or after I issued Mr. Harper a 7-day suspension.

Q22. Did Darryl Martin speak with concerning the Complainant prior to you issuing him a 7-day suspension for Failure to Follow Official Instructions? If yes, when did Mr. Martin speak with you?

A22. Again, I have no knowledge of any conversations between Daryl Martin & Mr. Harper.

Q23. Did Melvin Tucker speak with concerning the Complainant prior to you issuing him a 7-day suspension for Failure to Follow Official Instructions? If yes, when did Melvin Tucker speak with you?

A23. NO.

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Affiant's Signature<br>Lydia Hembry | Date Signed<br>8/23/03 |

PS Form 2568-B, March 2001

AFFIDAVIT NO. B

32

| | Page No. | No. Pages | Case No: |
|---|---|---|---|
| EEO Investigative Affidavit *(Continuation Sheet)* | 4 | 4 | 1K-201-0004-03 |

I issued a 7-day suspension to Mr. Harper based solely on his work performance. Prior (Prior to that disciplinary action), I had an official discussion (PDI) with Mr. Harper along with Ray Robinson the shop steward who was present at the time. I discussed with Mr. Harper the issues that were of concern to allow him to make the necessary corrective changes. Mr. Harper's attitude after that meeting was one of defiance and anger and whenever he came to work under me, his performance did not improve. Therefore, I went to the next step as I have done with any employee who works under me but fails to meet the required expectations of their job assignment. I believe Mr. Harper has a personal vendetta against me because I chose to due my job instead of allowing him to do as he pleases without being questioned

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---|---|
| *Lydia Hembry* | 8/23/03 |

PS Form 2569, March 2001

AFFIDAVIT NO. B

23

| U.S. Postal Service | Case No. |
| --- | --- |
| **Certification** | 1K-201-0004-03 |

I have read the foregoing attached statement, consisting of _4_ pages, and it is true and complete to the best of my knowledge and belief. In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

"Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, ficticious or fraudulent statements or representation, or makes or uses any false writing or document knowing the same to contain any false, ficticious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

### Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.633a; The Rehabilitation Act of 1973, as amended, 29 U.S.C. 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

### USPS Standards of Conduct

Postal Service regulations require all postal employees to cooperate in any postal investigation.
Failure to supply the requested information could result in disciplinary action (ELM 666).

### Oath / Affirmation

Subscribed and (sworn) (affirmed) before me on this _23_ day of _August_ 2003.

*(Affiant, sign in the presence of an EEO Complaints Investigator.)*

| Signature of EEO Complaints Investigator | Signature of Affiant |
| --- | --- |
| | |

### Declaration

I declare, under penalty of perjury, that the foregoing is true and correct.

*(Affiant, sign and date if attached statement was not completed in the presence of an EEO Complaints Investigator.)*

| Signature of Affiant | Date Signed |
| --- | --- |
| *Lydia J Henry* | *August 23, 2003* |

PS Form 2571, March 2001

AFFIDAVIT NO. _B_

24

**U. S. POSTAL SERVICE**
**EQUAL EMPLOYMENT OPPORTUNITY**
**INVESTIGATIVE AFFIDAVIT (WITNESS)**

## AFFIDAVIT C

**Case Number:**             1K-201-0004-03

**Name/Address of Witness:**      Melvin Tucker
16501 Shady Grove Road
Gaithersburg MD 20898-9998

**Position Title:**             Manager Distribution
Operations Tour 1

**Grade:**                   EAS

**Place of Employment:**        Washington DC P & DC

| U.S. Postal Service | Page No. | No. Pages | Case No. |
|---|---|---|---|
| **EEO Investigative Affidavit** *(Witness)* | 1 | | 1K-201-0004-03 |

| 1. Affiant's Name *(First, Middle, Last)* | 2. Employing Postal Facility |
|---|---|
| **Melvin Tucker** | **Washington DC P & DC** |

| 3. Position Title | 4. Grade Level | 5. Postal Address and ZIP + 4 | 6. Unit Assigned |
|---|---|---|---|
| **Manager Distribution Operations** | **EAS** 24 | **16501 Shady Grove RD** **Gaithersburg MD 20898-9998** | |

**Privacy Act Notice**

Privacy Act Notice. The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.633a; The Rehabilitation Act of 1973, as amended, 29 U.S.C 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes, where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

**USPS Standards of Conduct**

Postal Service regulations require all postal employees to cooperate in any postal investigation.
Failure to supply the requested information could result in disciplinary action. (ELM 666)

7. Statement *(Use Form 2569 if additional space is required)*

YOU HAVE THE RIGHT TO REPRESENTATION DURING THE COMPLETION OF THIS AFFIDAVIT.

Q1. Explain in detail what knowledge you have when on October 4, 2002, the Complainant James Harper was issued a 7-day suspension for Failure to Follow Official Instructions. Explain your involvement if any.

A1.

I do not have specific knowledge of this action.

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Affiant's Signature | Date Signed |
| | 9/2/03 |

PS Form 2568-B, March 2001

AFFIDAVIT NO. C

25

Q2. Were you aware that the Complainant James Harper had prior EEO activity? If yes, please explain how you became aware of his prior EEO activity and state when you became aware of it.

A2.

I Am not Aware oe do not Remember Any Prist EEO Actirioy by MR. Harper.

Q3. To your knowledge, were you named as a responsible management official (RMO) in any of the Complainant's prior EEO complaints?

A3.

NO

Q4. If you were not named as an RMO, did you have any other involvement in the Complainant's prior EEO complaints? If yes, explain your involvement.

A4.

noT Aware

Q5. On October 4, 2002, were you the Complainant's immediate supervisor? If no, identify that person and explain your work relationship to the Complainant.

A5.

NO - Conney Brown — I Am Mr. Brown's MAnAgees MAnAgee.

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Affiant's Signature | Date Signed |
| | 9/7/03 |

PS Form 2568-B, March 2001

AFFIDAVIT NO. C

26

Q6.  Did you make the decision to issue the Complainant a 7-day suspension for Failure to Follow Official Instructions? If not, who made the decision?

A6.  *NO - I do not know. Normally it would be the Supervisor who He failed to Follow Their Instructions.*

Q7.  The Complainant testified that on October 2, 2002, as he was exiting the EEO Office at the Southern MD Facility he saw and spoke with Mr. Haney about problems he was having with acting supervisor Hembry. The Complainant states that Mr. Haney said he would have you and Darryl Martin talk to Lydia F. Hembry. The Complainant believes that you did talk to Ms. Hembry and on October 4, 2002, she issued him a 7-day suspension as retaliation for filing a EEO and talking to Mr. Haney. *Please explain either refuting or concurring with the Complainant.*

A7.  *I am not aware of any Conversation between Mr. Haney and Mr. Harper.*

Q8.  Did Mr. Haney instruct you to speak with acting supervisor Hembry concerning the Complainant? If yes, when did you speak with acting supervisor Hembry?

A8.  *No He did not.*

Q9.  Do you have any additional relevant information concerning James Harper's claim of discrimination based retaliation (prior EEO activity), when on October 4, 2002, he was issued a 7-Day Suspension for Failure to Follow Official Instructions?

A9.  *No*

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Affiant's Signature | Date Signed |
| *[signature]* | *9/2/03* |

PS Form 2568-B, March 2001    AFFIDAVIT NO. _____

27

| U.S. Postal Service | Case No. |
|---|---|
| **Certification** | 1K-201-0004-03 |

I have read the foregoing attached statement, consisting of __3__ pages, and it is true and complete to the best of my knowledge and belief. In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

"Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, ficticious or fraudulent statements or representation, or makes or uses any false writing or document knowing the same to contain any false, ficticious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

**Privacy Act Notice**

Privacy Act Notice. The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.633a; The Rehabilitation Act of 1973, as amended, 29 U.S.C. 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

**USPS Standards of Conduct**

Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action (ELM 666).

**Oath / Affirmation**

Subscribed and (sworn) (affirmed) before me on this __2__ day of __September__ 2003.

_(Affiant, sign in the presence of an EEO Complainants Investigator.)_

| Signature of EEO Complaints Investigator | Signature of Affiant |
|---|---|
| | |

**Declaration**

I declare, under penalty of perjury, that the foregoing is true and correct.

_(Affiant, sign and date if attached statement was not completed in the presence of an EEO Complaints Investigator.)_

| Signature of Affiant | Date Signed |
|---|---|
| | 9/8/03 |

PS Form **2571**, March 2001

AFFIDAVIT NO. C

## U. S. POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY
## INVESTIGATIVE AFFIDAVIT (WITNESS)

## <u>AFFIDAVIT D</u>

**Case Number:**        1K-201-0004-03

**Name/Address of Witness:**        Darryl Martin
16501 Shady Grove Road
Gaithersburg MD 20898-9998

**Position Title:**        Senior Manager Distribution
Operations Tour 1

**Grade:**        EAS

**Place of Employment:**        Washington DC P & DC

| U.S. Postal Service | | Page No. | No. Pages | Case No. |
|---|---|---|---|---|
| **EEO Investigative Affidavit** *(Witness)* | | 1 | | 1K-201-0004-03 |

| 1. Affiant's Name *(First, Middle, Last)* | 2. Employing Postal Facility |
|---|---|
| **Darryl Martin** | **Washington DC P & DC** |

| 3. Position Title | 4. Grade Level | 5. Postal Address and ZIP + 4 | 6. Unit Assigned |
|---|---|---|---|
| **Sr. Manager Distribution Operations** | **EAS** | **16501 Shady Grove RD** **Gaithersburg MD 20898-9998** | |

### Privacy Act Notice

Privacy Act Notice. The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.633a; The Rehabilitation Act of 1973, as amended, 29 U.S.C. 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

### USPS Standards of Conduct

Postal Service regulations require all postal employees to cooperate in any postal investigation.
Failure to supply the requested information could result in disciplinary action. (ELM 666)

7. Statement *(Use Form 2569 if additional space is required)*

**YOU HAVE THE RIGHT TO REPRESENTATION DURING THE COMPLETION OF THIS AFFIDAVIT.**

Q1.   Explain in detail what knowledge you have when on October 4, 2002, the Complainant James Harper was issued a 7-day suspension for Failure to Follow Official Instructions. Explain your involvement if any.

A1.

I had no involvement with Mr. Harper being issued a 7 day suspension.

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Affiant's Signature | Date Signed |
| *[signature: Darryl Martin]* | 8/21/03 |

PS Form 2568-B, March 2001

AFFIDAVIT NO. 1

29

Q2. Were you aware that the Complainant James Harper had prior EEO activity? If yes, please explain how you became aware of his prior EEO activity and state when you became aware of it.

A2.

**No**

Q3. To your knowledge, were you named as a responsible management official (RMO) in any of the Complainant's prior EEO complaints?

A3.

No

Q4. If you were not named as an RMO, did you have any other involvement in the Complainant's prior EEO complaints? If yes, explain your involvement.

A4.

No

Q5. On October 4, 2002, were you the Complainant's immediate supervisor? If no, identify that person and explain your work relationship to the Complainant.

A5.

No, Ms. Brenda Harper was his immediate supervisor.

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Affiant's Signature | Date Signed |
| | 8/21/03 |

PS Form 2568-B, March 2001

AFFIDAVIT NO.

30

Q6.   Did you make the decision to issue the Complainant a 7-day suspension for Failure to Follow Official Instructions?  If not, who made the decision?

A6.

No, the employee's immediate supervisor would make the decision to issue the action.

Q7.   The Complainant testified that on October 2, 2002, as he was exiting the EEO Office at the Southern MD Facility he saw and spoke with Mr. Haney about problems he was having with acting supervisor Hembry.  The Complainant states that Mr. Haney said he would have you and Melvin Tucker talk to Lydia F. Hembry.  The Complainant believes that you did talk to Ms. Hembry and on October 4, 2002, she issued him a 7-day suspension as retaliation for filing a EEO and talking to Mr. Haney.  **Please explain either refuting or concurring with the Complainant.**

A7.

I have no knowledge of Mr. Harper talking with Mr. Haney.  If Mr. Harper was issued a 7 day suspension for failure to follow instruction, I was not aware of it.

Q8.   Did Mr. Haney instruct you to speak with acting supervisor Hembry concerning the Complainant?  If yes, when did you speak with acting supervisor Hembry?

A8.

No

Q9.   Do you have any additional relevant information concerning James Harper's claim of discrimination based retaliation (prior EEO activity), when on October 4, 2002, he was issued a 7-Day Suspension for Failure to Follow Official Instructions?

A9.

No

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Affiant's Signature | Date Signed |
| Darryl Martin | 8/21/03 |
| | AFFIDAVIT NO. D |

31

PS Form **2568-B**, March 2001
U.S. Postal Service
## Certification

| Case No. |
| --- |
| 1K-201-0004-03 |

I have read the foregoing attached statement, consisting of _____ pages, and it is true and complete to the best of my knowledge and belief. In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

"Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, ficticious or fraudulent statements or representation, or makes or uses any false writing or document knowing the same to contain any false, ficticious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

**Privacy Act Notice**

**Privacy Act Notice.** The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.633a; The Rehabilitation Act of 1973, as amended, 29 U.S.C. 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

**USPS Standards of Conduct**

Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action (ELM 666).

**Oath / Affirmation**

Subscribed and (sworn) (affirmed) before me on this _____ day of _____ **2003**.

*(Affiant, sign in the presence of an EEO Complaints Investigator.)*

| Signature of EEO Complaints Investigator | Signature of Affiant |
| --- | --- |

**Declaration**

I declare, under penalty of perjury, that the foregoing is true and correct.

*(Affiant, sign and date if attached statement was not completed in the presence of an EEO Complaints Investigator.)*

| Signature of Affiant | Date Signed |
| --- | --- |
| _Daniel Martin_ | 8/21/03 |

PS Form **2571**, March 2001

AFFIDAVIT NO. _1_

37