UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES HARPER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-0161 (RMC) |
| ) | |
| v. ) | |
| ) | |
| JOHN E. POTTER, ) | |
| Postmaster General, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFF'S STATEMENT OF GENUINE ISSUES**

Plaintiff James Harper, by and through undersigned counsel and pursuant to LCvR 56.1, respectfully submits this statement of genuine issues of material facts that need to be litigated.

1. Mr. Harper engaged in protected activity, including public statements alleging racism at the Postal Service. The alleged discriminating official, Ms. Hembry, herself links Mr. Harper's complaints of retaliation to his public statements. (Ex. 1, ROI at 18.)

2. Mr. Harper engaged in further protected activity on September 23, 2002, when he threatened to file charges of discrimination. Mr. Harper met with Supervisor Lydia Faye Hembry, Manager Melvin Tucker, and Manager Ella Vick on or about September 23, 2002. (Ex. 2, Harper Decl. ¶ 5; Ex. 1, ROI at 21-22, 63.) During this meeting, Mr. Harper told the others present that he intended to "file an EEO." (Ex. 2, Harper Decl. ¶ 6; Ex. 1, ROI at 21-22.) Manager Tucker acknowledged Mr. Harper's statement, announcing to the others present that the issues would be addressed through the EEO process, and ending the meeting. (Ex. 2, Harper Decl. at ¶ 6; Ex. 1, ROI at 21-22.)

These facts are sworn to by Mr. Harper in the attached Affidavit (Ex. 1 ¶¶ 5-6) and were referenced in his EEO Complaint (Ex. 1, ROI at 63). Furthermore, these facts are consistent with Ms. Hembry's sworn statement dated August 23, 2003. (Ex. 1, ROI at 21-22.)

3. Mr. Harper engaged in further protected activity by filing a charge of discrimination on October 2, 2002 – only two days before he was served with a suspension letter. (Ex. 1, ROI at 69.) Mr. Harper saw the plant manager on his way out of the EEO office and told him that he had just filed a complaint. (Def's Ex. 1 pt. 1 at 35-36, Tr. 39:8-24.)

4. Thereafter and in retaliation, Mr. Harper was subjected to unjustified intense scrutiny and harassment, including disciplinary actions that were ultimately rescinded. (Ex. 2, Harper Decl. ¶ 4; Ex. 1, ROI at 37-38.)

5. The October 4, 2002, service of a retaliatory letter of suspension would dissuade a reasonable employee from opposing discrimination. (Ex. 1, ROI at 38).

6. The Postal Service's proffered non-discriminatory basis for the discipline is false. The October 4, 2002, Letter of Suspension was not based on Mr. Harper's cell phone use. Cell phone use does not appear on the Letter of Suspension. (Ex. 1, ROI at 38). Mr. Harper was not using his cell phone on the date of the incident. (Def's Ex. 2 pt. 2 at 3, Tr. 58:10-15.) Mr. Harper kept his machine properly loaded. (Tr. 40:19 – 42:5.) It was proper for him to take time from his work to complete a hazard report form, returning to work promptly when ordered to do so. (Ex. 1 ¶ 7-8.)

7. Defendant's proffer is pretext to cover retaliatory motive. It is absurd to believe that the suspension was truly motivated by an employee starting to

fill out a hazard report and then returning to work as soon as he was instructed to do so. (Ex. 1, ROI at 35; Ex. 2 ¶ 6; Def's Ex. 2 pt. 2 at 23, Tr. 79:18-20.)

                                                            Respectfully submitted,

                                                            /s/ Zachary Wolfe (DC Bar No. 463548)
                                                            People's Law Resource Center
                                                            1725 I Street, NW, Suite 300
                                                            Washington, DC 20006
                                                           (202) 265-5965 – telephone
                                                           (202) 250-6712 – facsimile