# COLLECTIVE BARGAINING AGREEMENT

Between
**American Postal Workers Union, AFL-CIO**

And
**U.S. Postal Service**

November 21, 2000
November 20, 2006




GOVERNMENT EXHIBIT
1
C.A. # 06-0161

Article 16.1

### Section 6. Administration

The parties recognize their continuing joint responsibility for efficient functioning of the grievance procedure and effective use of arbitration. Commencing April 1, 1979, and quarterly thereafter, the Employer will furnish to the President of the Union a copy of a quarterly report containing the following information covering operation of the arbitration procedure at the National level, and for each Grievance/Arbitration Processing Center separately:

(a) number of cases appealed to arbitration;

(b) number of cases scheduled for hearing;

(c) number of cases heard;

(d) number of scheduled hearing dates, if any, which were not used;

(e) the total number of cases pending but not scheduled at the end of the quarter.

(The preceding Article, Article 15, shall apply to Transitional Employees)

[see Memo, page 317]

## ARTICLE 16
## DISCIPLINE PROCEDURE

### Section 1. Principles

In the administration of this Article, a basic principle shall be that discipline should be corrective in nature, rather than punitive. No employee may be disciplined or discharged except for just cause such as, but not limited to,

109

**Article 16.1**

insubordination, pilferage, intoxication (drugs or alcohol), incompetence, failure to perform work as requested, violation of the terms of this Agreement, or failure to observe safety rules and regulations. Any such discipline or discharge shall be subject to the grievance-arbitration procedure provided for in this Agreement, which could result in reinstatement and restitution, including back pay.

**Section 2. Discussion**

For minor offenses by an employee, management has a responsibility to discuss such matters with the employee. Discussions of this type shall be held in private between the employee and the supervisor. Such discussions are not considered discipline and are not grievable. Following such discussions, there is no prohibition against the supervisor and/or the employee making a personal notation of the date and subject matter for their own personal record(s). However, no notation or other information pertaining to such discussion shall be included in the employee's personnel folder. While such discussions may not be cited as an element of prior adverse record in any subsequent disciplinary action against an employee, they may be, where relevant and timely, relied upon to establish that employees have been made aware of their obligations and responsibilities.

**Section 3. Letter of Warning**

A letter of warning is a disciplinary notice in writing, identified as an official disciplinary letter of warning, which shall include an explanation of a deficiency or misconduct to be corrected.

**Section 4. Suspensions of 14 Days or Less**

In the case of discipline involving suspensions of fourteen (14) days or less, the employee against whom disciplinary

110

Article 1.6.5

action is sought to be initiated shall be served with a written notice of the charges against the employee and shall be further informed that he/she will be suspended after ten (10) calendar days during which ten-day period the employee shall remain on the job or on the clock (in pay status) at the option of the Employer. However, if a timely grievance is initiated, the effective date of the suspension will be delayed until disposition of the grievance, either by settlement or an arbitrator's final and binding decision. The employee shall remain on the job or on the clock (in pay status) at the option of the Employer.

**Section 5. Suspensions of More Than 14 Days or Discharge**

In the case of suspensions of more than fourteen (14) days, or of discharge, any employee shall, unless otherwise provided herein, be entitled to an advance written notice of the charges against him/her and shall remain either on the job or on the clock at the option of the Employer for a period of thirty (30) days. Thereafter, the employee shall remain on the rolls (non-pay status) until disposition of the case has been had either by settlement with the Union or through exhaustion of the grievance-arbitration procedure. A preference eligible who chooses to appeal a suspension of more than fourteen (14) days or his/her discharge to the Merit Systems Protection Board (MSPB) rather than through the grievance-arbitration procedure shall remain on the rolls (non-pay status) until disposition of the case has been had either by settlement or through exhaustion of his/her MSPB appeal. When there is reasonable cause to believe an employee is guilty of a crime for which a sentence of imprisonment can be imposed, the Employer is not required to give the employee the full thirty (30) days advance written notice in a discharge action, but shall give such lesser number of days advance written notice as under the circumstances is reasonable and can be justified. The employee is

111

**Article 16.6**

immediately removed from a pay status at the end of the notice period.

**Section 6. Indefinite Suspension Crime Situation**

A. The Employer may indefinitely suspend an employee in those cases where the Employer has reasonable cause to believe an employee is guilty of a crime for which a sentence of imprisonment can be imposed. In such cases, the Employer is not required to give the employee the full thirty (30) days advance notice of indefinite suspension, but shall give such lesser number of days of advance written notice as under the circumstances is reasonable and can be justified. The employee is immediately removed from a pay status at the end of the notice period.

B. The just cause of an indefinite suspension is grievable. The arbitrator shall have the authority to reinstate and make the employee whole for the entire period of the indefinite suspension.

C. If after further investigation or after resolution of the criminal charges against the employee, the Employer determines to return the employee to a pay status, the employee shall be entitled to back pay for the period that the indefinite suspension exceeded seventy (70) days, if the employee was otherwise available for duty, and without prejudice to any grievance filed under B. above.

D. The Employer may take action to discharge an employee during the period of an indefinite suspension whether or not the criminal charges have been resolved, and whether or not such charges have been resolved in favor of the employee. Such action must be for just cause, and is subject to the requirements of Section 5 of this Article.

112

Article 16.9

### Section 7. Emergency Procedure

An employee may be immediately placed on an off-duty status (without pay) by the Employer, but remain on the rolls where the allegation involves intoxication (use of drugs or alcohol), pilferage, or failure to observe safety rules and regulations, or in cases where retaining the employee on duty may result in damage to U.S. Postal Service property, loss of mail or funds, or where the employee may be injurious to self or others. The employee shall remain on the rolls (non-pay status) until disposition of the case has been had. If it is proposed to suspend such an employee for more than thirty (30) days or discharge the employee, the emergency action taken under this Section may be made the subject of a separate grievance.

### Section 8. Review of Discipline

In no case may a supervisor impose suspension or discharge upon an employee unless the proposed disciplinary action by the supervisor has first been reviewed and concurred in by the installation head or designee.

In associate post offices of twenty (20) or less employees, or where there is no higher level supervisor than the supervisor who proposes to initiate suspension or discharge, the proposed disciplinary action shall first be reviewed and concurred in by a higher authority outside such installation or post office before any proposed disciplinary action is taken.

### Section 9. Veterans' Preference

A. A preference eligible is not hereunder deprived of whatever rights of appeal such employee may have under the Veterans' Preference Act; however, if the employee appeals under the Veterans' Preference Act, the employee will be deemed to have waived further access to the grievance-

113

**Article 16.10**

arbitration procedure beyond step 3 under any of the following circumstances:

1. If an MSPB settlement agreement is reached.

2. If the MSPB has not yet issued a decision on the merits, but a hearing on the merits before the MSPB has begun.

3. If the MSPB issues a decision on the merits of the appeal.

B. In the event the grievance of a preference eligible is due to be scheduled in accordance with Article 15, section 5, and the preference eligible has a live MSPB appeal on the same action, the parties will not schedule the grievance for arbitration until a final determination is reached in the MSPB procedure. If the grievance is not waived under Section 9.A 1, 2 or 3 above, the case will be scheduled promptly for arbitration. Should the grievance ultimately be sustained or modified in arbitration, the preference eligible employee will have no entitlement to back pay under the National Agreement for the period from the date the case would have been scheduled for arbitration and the date it is actually scheduled for arbitration.

**Section 10. Employee Discipline Records**

The records of a disciplinary action against an employee shall not be considered in any subsequent disciplinary action if there has been no disciplinary action initiated against the employee for a period of two years.

Upon the employee's written request, any disciplinary notice or decision letter will be removed from the employee's official personnel folder after two years if there has been no disciplinary action initiated against the employee in that two-year period.

114

Article 17.2

(Additional provisions regarding the discipline or removal of Transitional Employees can be found in Appendix A.)

## ARTICLE 17
## REPRESENTATION

**Section 1. Stewards**

Stewards may be designated for the purpose of investigating, presenting and adjusting grievances.

**Section 2. Appointment of Stewards**

A. The Union will certify to the Employer in writing a steward or stewards and alternates in accordance with the following general guidelines. Where more than one steward is appointed, one shall be designated chief steward. The selection and appointment of stewards or chief stewards is the sole and exclusive function of the Union. Stewards will be certified to represent employees in specific work location(s) on their tour; provided no more than one steward may be certified to represent employees in a particular work location(s). The number of stewards certified shall not exceed, but may be less than, the number provided by the formula hereinafter set forth.

Employees in the same craft per tour or station

| | |
|---|---|
| Up to 49 | 1 steward |
| 50 to 99 | 2 stewards |
| 100 to 199 | 3 stewards |
| 200 to 499 | 5 stewards |
| 500 or more | 5 stewards plus additional steward for each 100 employees |

115